**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SCOTT AVERY**                                                                             **PETITIONER**
**ADC #171985**

**V.**                     **CASE NO. 4:20-CV-1522-BSM-BD**

**DOE**                                                                                        **RESPONDENT**

### RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Mr. Avery may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Avery does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

On December 30, 2020, Scott Avery, currently an inmate at Yell County Jail, filed a pro se motion requesting to "be released from the Arkansas Dept. of Corrections in regard to the Covid 19 pandemic and the Compassionate Release Act." (Doc. No. 1) Mr. Avery does not refer to a federal habeas statute in his motion, but the Clerk categorized the filing as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

In his petition, Mr. Avery states that he is serving a 180-day sentence for a parole violation. (Doc. No. 1) He alleges that living conditions at the jail are not sanitary and that inmates are not tested for COVID-19 before being placed in general population. According to Mr. Avery, he is at risk of catching COVID-19 and feels that his life is in jeopardy. He asks to be released and allowed to serve the remainder of his sentence under house arrest.

### III.   Jurisdiction:

The Court lacks jurisdiction to hear Mr. Avery's petition. Habeas corpus review focuses on whether the United States Constitution or federal laws were violated. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Mr. Avery does not allege that his constitutional rights are being violated. Instead, he requests a sentence modification under the "Compassionate Release Act." His request does not state a claim for habeas corpus relief.

The compassionate release statute allows a federal sentencing court to reduce a *federal* defendant's sentence if it finds "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A) (2018). As a *state* defendant, Mr. Avery is ineligible for compassionate release under that federal statute.

If Mr. Avery wishes to pursue complaints regarding living conditions at the jail, he must bring that claim in a separate action challenging the conditions of his confinement under 42 U.S.C. § 1983.

## IV.  Conclusion:

The Court recommends that Judge Miller DISMISS, without prejudice, Scott Avery's habeas corpus petition (Doc. No. 1) for lack of jurisdiction.

DATED this 6th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE